IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Criminal Case No. 08-cr-00340-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. BENJAMINE MAESTAS,
2. LEONARD MARTINEZ,
3. ANTHONY SHIPPLEY,
4. RUBEN BRAVO,
5. JOHN BERTOLUCCI,
6. ERNEST SALAS,
7. EDWARD MONTANO,
8. CARY WEINMAN,
9. ADRIAN SISNEROS,
10. MICHAEL HEE, and
11. WAYNE ORDAKOWSKI,

    Defendants.

## ORDER DENYING MOTION FOR RELEASE
## OF GRAND JURY TRANSCRIPT PURSUANT TO RULE 6(e)(3)(C)(i)

**Blackburn, J.**

The matter before me is defendant's **Motion For Release of Grand Jury Transcripts Pursuant to Rule 6(e)(3)(C)(I)** [#201] filed February 4, 2009. I deny the motion.

Having reviewed and judicially noticed all relevant adjudicative facts in the file and record of this action as developed *pro tanto*, having considered carefully all reasons stated, arguments advanced, and authorities cited by the defendant in his motion and the government in the **Government's Response in Opposition to Defendant's Motion for Release of Grand Jury Transcripts Pursuant to Rule 6(E)(3)(C)(I) [# 201]** [#211] filed February 13, 2009; and being sufficiently advised, I enter the following findings of fact,

conclusions of law, and orders.

**FINDINGS AND CONCLUSIONS:**

Defendant Montano ". . . moves this Honorable Court to issue an Order releasing grand jury transcripts in this case. . . ." Motion at 1. The defendant asserts that the transcripts are (1) ". . . important so that counsel can determine whether additional motions must be filed, including a motion challenging the evidence presented to the grand jury and the indictment against Mr. Montano," Motion at 1, ¶ 1; and (2) ". . . necessary to assist counsel in his preparation of cross-examination of prosecution witnesses. . ." at trial, *Id.* at ¶ 2.

In response, the government proposes to produce at least 30 days before trial the transcripts of grand jury testimony for those witnesses that will testify at trial. Response at 2. In support of its proposed protocol, the government argues that ". . . [b]y that time, it will be far more clear which defendants are going to trial, and the government will have determined which witnesses it will need to call in order to make its case against those defendants."[1] *Id.*

The Supreme Court has consistently recognized that the proper functioning of the grand jury system depends on the secrecy of the grand jury proceedings. *Douglas Oil Co. v. Petrol Stop Northwest, et al.*, 441 U.S. 211, 22 (1979); *accord United States v. Rockwell Int'l Corp.*, 173 F.3d 757, 759 (10th Cir. 1999). Thus, disclosure of grand jury materials is appropriate only in those cases where the need for it outweighs the public interest in secrecy. *Douglas Oil Co.*, 441 U.S. at 22. The burden of demonstrating this balance rests upon the party seeking disclosure. *Id.* The showing of need for the grand jury materials must be made with particularity. *Id.*

Defendants seeking grand jury transcripts under Rule 6(e) must show that the

---

[1] For example, as of now, four of the original eleven defendants have filed notices of disposition.

material they seek is needed to avoid a possible injustice, that the need for disclosure is greater than the need for secrecy, and that their request is tailored to cover only the specific materials needed. *Douglas Oil Co.*, 441 U.S. at 222; *United States v. Stone*, 174 F.3d 757, 759 (10th Cir. 1999) (disclosure of grand jury information must be limited to the claimed need). The typical showing of particularized need arises when a defendant seeks to use the grand jury transcripts at trial to impeach or refresh the recollection of a witness. *Douglas Oil Co.*, 441 U.S. at 222, n. 12. Disclosure for this purpose can and should be limited strictly to those portions of a particular witness's grand jury testimony that bear on some aspect of that same witness's trial testimony. *Id.*

Defendant's asserted purposes for immediate production of grand jury transcripts fall well short of demonstrating the particularized need for pretrial disclosure. Accordingly, defendant's motion should be denied, and the government's proposed protocol should be approved.

**THEREFORE, IT IS ORDERED** as follows:

1. That defendant's **Motion For Release of Grand Jury Transcripts Pursuant to Rule 6(e)(3)(C)(I)** [#201] filed February 4, 2009, is **DENIED**; and

2. That not less than thirty (30) days before trial the government **SHALL PRODUCE** and **PROVIDE** to all defendants standing trial transcripts of the grand jury testimony of all witness who will be called to testify at trial by the government.

Dated June 16, 2009, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

3